IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MONTIE ERVIN BROWN, JR., </br></br>Plaintiff, </br></br>v. </br></br>EQUIFAX INFORMATION SERVICES LLC, and LEXISNEXIS RISK SOLUTIONS INC., </br></br>Defendants. | CIVIL ACTION NO. _____ </br></br>COMPLAINT </br></br>JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

1. This is an action brought by an individual consumer against Equifax Information Services LLC and LexisNexis Risk Solutions Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. §1692k and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Montie Ervin Brown, Jr. is an adult individual residing in the state of North Carolina.

5. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Western District of North Carolina and has a principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

6. Defendant LexisNexis Risk Solutions Inc. ("LRS") is a consumer reporting agency and a reseller of credit information that regularly conducts business in the Western District of North Carolina and has a principal place of business located at 1000 Alderman Dr., Alpharetta Georgia 30005.

## FACTUAL ALLEGATIONS

7. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties from at least February 2022 through the present.

8. The inaccurate information includes, but is not limited to, the reporting of a chapter 7 bankruptcy discharge (the "Inaccuracy").

9. On February 4, 2022, Plaintiff received a chapter 13 bankruptcy discharge, not a discharge under chapter 7 of the U.S. Bankruptcy Code.

10. Notwithstanding the above, LRS has been falsely furnishing and/or reporting the information about the Inaccuracy in connection with Plaintiff's consumer report to credit reporting agencies, including, but not limited to, Equifax when it knew or should have known that the Inaccuracy was false.

11. Equifax has been falsely reporting the information about the Inaccuracy in connection with Plaintiff's credit history when it knew or should have known that the Inaccuracy was false.

12. The Inaccuracy negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

13. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown. Defendants have repeatedly published and disseminated consumer reports to such third parties from at least February 2022 through the present.

14. Plaintiff has disputed the inaccurate information with Equifax from February 2022 through the present.

15. Notwithstanding Plaintiff's efforts, Equifax has "verified" the Inaccuracy and sent Plaintiff correspondence indicating its intent to continue publishing the Inaccuracy to other third parties, persons, entities, and credit grantors. Equifax has repeatedly published and disseminated consumer reports to such third parties from at least February 2022 through the present.

16. Despite Plaintiff's efforts, Equifax has never: (1) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (2) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the Inaccuracy; and (3) requested or obtained relevant documents from the entities furnishing the Inaccuracy.

17. Despite Plaintiff's exhaustive efforts to date, Equifax nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, failed to remove the Inaccuracy, failed to note the disputed status of the Inaccuracy and continued to report the Inaccuracy.

18. Notwithstanding Plaintiff's disputes, LRS also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit

reporting agencies concerning Plaintiff's disputes, willfully continued to report the inaccuracy to various credit reporting agencies, including Equifax, and failed to mark the Inaccuracy as disputed.

19. LRS, in its capacity as a consumer reporting agency and reseller of consumer information, obtains consumer information secondarily from various sources, including public records vendors. Once LRS receives the requested consumer information, it assembles and merges the information into LRS consumer reports, which it then sells to third parties.

20. In February 2022, LRS requested and obtained consumer information about the Plaintiff from its public records vendors.

21. Due to LRS's faulty procedures, LRS prepared credit reports with inaccurate information.

22. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities related to a student loan, harm to credit reputation and credit score, a loss of time in trying to correct the Inaccuracy, and emotional distress, including humiliation and embarrassment.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiff v. Equifax)

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

27. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

30. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – VIOLATIONS OF THE FCRA
### (Plaintiff v. LRS)

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. At all times pertinent hereto, LRS was a "person," a "consumer reporting agency," and a "reseller" as those terms are defined by 15 U.S.C. § 1681a(b), § 1681a(f) and § 1681a(u), respectively.

33. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

34. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

35. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, LRS is liable to the Plaintiff for negligently and willfully failing to employ and follow reasonable procedures to assure maximum possible accuracy and privacy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

36. The conduct of LRS was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, LRS is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMANDED

37. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

 (a) Actual damages;

 (b) Statutory damages;

 (c) Punitive damages;

 (d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

 (e) Any other relief that may be appropriate or necessary.

Dated:  December 4, 2022

                                       */s/ Rashad Blossom*  
                                       Rashad Blossom (State Bar No. 45621)  
                                       BLOSSOM LAW PLLC  
                                       301 S. McDowell Street, Suite 1103  
                                       Charlotte, NC 28204  
                                       P: (704) 256-7766  
                                       F: (704) 486-5952  
                                       rblossom@blossomlaw.com

                                       Attorney for Plaintiff